**Barry CHAN; Alex Ma; Don A. Denson, Plaintiffs–Appellants,**

and

**Northern California Dry Cleaners Coalition, Plaintiff,**

v.

**BAY AREA AIR QUALITY MANAGEMENT DISTRICT; Scott Lutz; Ellen Garvey, Defendants–Appellees.**

---

1. Because the parties are familiar with the facts, we do not recite them here.

Barry Chan; Alex Ma; Don A. Denson;
Northern California Dry Cleaners
Association, Plaintiffs,

and

Richard A. Canatella, Appellant,

v.

Bay Area Air Quality Management District; Scott Lutz; Ellen Garvey,
Defendants–Appellees.

Nos. 99–16238, 00–15341.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 13, 2000.

Decided Jan. 25, 2001.

Before BRIGHT,* REINHARDT, and
SILVERMAN, Circuit Judges.

MEMORANDUM**

Seven plaintiffs brought a class-action lawsuit against the Bay Area Air Quality Management District and some of its officials, i.e., Ellen Garvey, Air Pollution Control Officer, and Scott Lutz, Compliance Engineer, contending that the adoption and enforcement of an air pollution control regulation ("the regulation") affecting residential dry-cleaning establishments in the

---

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

San Francisco Bay Area violated the constitutional rights of the owners of these dry-cleaning establishments. After lengthy, preliminary litigation, the district court dismissed as frivolous the action by appellants, former operators of dry-cleaning establishments who remained as plaintiffs from the class action, and thereafter assessed sanctions against their attorney, Richard Canatella, under 28 U.S.C. § 1927 in the sum of $1049.

Three of the plaintiffs, Barry Chan, Alex Ma, and Don Denson, appeal the dismissal of the action, and attorney Canatella appeals the sanctions award.[1] We affirm the dismissal for reasons stated in this disposition. We vacate the sanctions solely because of the unusual and unauthorized procedures followed by the magistrate judge in this case.

## I. FACTS

We briefly review the preliminary procedures and orders entered in this case. Plaintiffs, including dismissed plaintiffs, filed a complaint in federal court on March 30, 1998, a first amended complaint on May 14, 1998, and a second amended complaint on November 5, 1998. The plaintiffs unsuccessfully sought a temporary restraining order and a preliminary injunction against enforcement of the regulations. Judge Fern M. Smith, United States District Judge for the Northern District of California, heard and denied injunctive relief. Thereafter, the parties consented to disposition of the remaining issues by the magistrate judge.

We briefly review the magistrate judge's orders and actions in this case. In an order filed February 18, 1999, the court denied a motion for summary judgment of dismissal asserted by defendants on various grounds, including a claim that defendants' employees, Lutz and Garvey, are protected by qualified immunity. The court denied the dismissal on the merits, as well as the dismissal of the individual defendants on grounds of qualified immunity. As to qualified immunity, the court stated:

> [T]he court is far from convinced that plaintiffs can develop evidence from which a rational jury could find that Mr. Lutz and/or Ms. Garvey behaved in the manner alleged or were driven by the unlawful motives attributed to them. As stated on the record and described more fully in section V below, the court has initiated proceedings in which plaintiffs will be required to set forth competent evidence in support of their claims.

Opinion and Order Re Summary Judgment Motions, filed February 18, 1999, at 6.

The court also rejected plaintiffs' counter-motion for summary judgment on one of its claims, stating:

> Plaintiffs, in their Counter Motion for Summary Adjudication, seek summary adjudication of facts alleged as the basis of their first claim that transfer machine co-residential dry cleaners were unconstitutionally ordered to close. While some of the facts alleged by plaintiffs may ultimately be indisputable, the facts necessary to entitle plaintiffs to relief are vigorously and genuinely contested. It follows that plaintiffs' Counter–Motion is DENIED.

*Id.* at 4.

In that order, the court, sua sponte, required that the plaintiffs produce discovery materials that could establish evidentiary support for the allegations of the complaint which satisfy the requirements

---

**1.** The other plaintiffs moved for and obtained a dismissal of their claims.

of Rule 11 of the Federal Rules of Civil Procedure.[2] The court stated:

Before plaintiffs will be permitted to proceed with each claim, the court must feel that the claim pursued is justified on *both* of the following *two* prongs: (1) legal authority supports the claim, and (2) competent evidence supports the factual allegations that are essential to the claim. By "justified" the court does *not* mean that, at this juncture, plaintiffs must prove their claims by a preponderance of the evidence. The court does require, however, that plaintiffs satisfy fully the requirements of Rule 11 of the Federal Rules of Civil Procedure. In addition, because of the damage to defendants' reputation that plaintiffs' claims can cause, and because litigating these serious charges will be very burdensome, the court requires plaintiffs' showing at this juncture to do more than satisfy Rule 11. Plaintiffs also must adduce evidence that provides substantial support for their essential factual allegations.

If plaintiffs assert, in response to this Order, that they cannot meet this burden without conducting discovery, plaintiffs must set forth, with particularity (1) *why* they need discovery to meet this burden, (2) what the specific, focused discovery is that will enable them to meet this burden, and (3) why it is likely that the discovery probes plaintiffs specify will yield the evidence they seek.

Thus, the court, on its own, initiates proceedings now to determine whether plaintiffs can establish that each asserted claim is "justified" as the court uses that word in this Order. *By Friday, March 19, 1999 at 4:00 p.m.*, for each of the claims on which plaintiffs plan to proceed, plaintiffs must submit, in writing, both the legal and evidentiary bases for that claim.

*Id.* at 10–11. In the same order, the magistrate, sua sponte, propounded eighteen interrogatories directly addressing the merits of plaintiffs' case.

The magistrate judge's next dispositive order on May 17, 1999, dismissed with prejudice and costs the claims of several of the named class-action plaintiffs on plaintiffs' motion. In the same order, the court dismissed claims made by plaintiffs for sanctions against defendants and claims by defendants for sanctions against plaintiffs-those motions being deemed "procedurally improper." Having examined a 259–page response by the plaintiffs-appellants, Barry Chan, Alex Ma, and Don Denson, asserting an alleged factual basis for the several causes of action, the magistrate judge again sua sponte summarily adjudicated and dismissed with prejudice all

---

2. Fed.R.Civ.P. 11(b) states:

Representations to Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,–

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

claims asserted by these remaining plaintiffs.

As to Denson, the court ruled that the regulation in question did not apply to his type of dry-cleaning business and, therefore, he had established no basis for his civil rights violation claim. As to Chan and Ma, the court determined that no rational trier of fact could find that these plaintiffs were unconstitutionally forced to close their dry-cleaning establishment and that the plaintiffs failed to establish a legal or factual basis for their claims of violation of constitutional rights. Additionally, the court determined that it was unnecessary to address the qualified immunity defenses since Chan and Ma failed to show that there was any realistic possibility that they could prove that the closing of their dry-cleaning establishment rested on anyone violating their constitutional rights.

The court's next order dated July 23, 1999, addressed defendants' motion for attorney's fees against plaintiffs in the sum of $15,000, plaintiffs' counter-motion for Rule 11 and 28 U.S.C. § 1927 sanctions against defense counsel for filing a frivolous fee application, and a response by defendants seeking fees not under the civil rights statutes but as sanctions under 28 U.S.C. § 1927 which reads:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

In that order, the court rejected plaintiffs' request for sanctions as "baseless." As to the defendants' request for sanctions, the court indicated that on its review of the record sanctions might well be assessed against plaintiffs' counsel, Canatel-la. The court required Canatella to set forth with particularity why his conduct with regard to twenty-four allegedly frivolous allegations in the complaint was not reckless. Counsel was given to August 13, 1999 to respond.

Following submission of material by attorney Canatella and, thereafter, responses of defendants, the court conducted a hearing on October 6, 1999, and thereafter issued a fifty-six-page order dated November 15, 1999, in which the court rejected Canatella's several arguments and contentions relating to sanctions, including a claim that a magistrate judge acting under 28 U.S.C. § 636(e) (enumerating powers of a magistrate judge, including power to try cases) lacks jurisdiction to impose sanctions.

However, the court, in its extensive order rejecting all of plaintiffs' claims, postponed entry of sanctions pending a submission by defendants to show additional legal work required of defendants' counsel by reason of plaintiffs' misconduct. Finally, on January 14, 2000, after receiving defendants' submission requesting an award of $13,600 for extra legal work, the court awarded sanctions in the sum of only $1049.

This appeal by plaintiffs followed.

## II. DISCUSSION

On the merits, appellants assert that a dispute of fact exists between the parties, making improper any summary adjudication, and that the judgment is void for lack of due process in that appellants received no notice of a final adjudication of the case and were denied the opportunity for discovery.

We first address the procedural argument which appellants make under the rubric of "due process." Here, the magistrate judge gave appellants ample opportu-

nity to respond to the court's concerns. Indeed, appellants filed an extensive response claiming that factual and legal support existed for the allegations of the complaint. Thus, the due process argument fails.

■ But that is not the end of the inquiry. We determine that the magistrate judge's procedures of requiring discovery sua sponte from the plaintiffs and then rejecting the response and summarily adjudicating a dismissal is without warrant in the Federal Rules of Civil Procedure. We know of no legal authority permitting a judge to proceed in this way, and we reject this procedure. We note, in reviewing the record, that the magistrate judge's actions may well have extended and multiplied these proceedings beyond the ordinary life they might have enjoyed had the court properly considered and disposed of the action on an appropriate motion for summary judgment under Fed.R.Civ.P. 56.

A trial judge must be especially cautious when proposing innovative discovery management techniques to address § 1983 and qualified immunity claims and defenses. By requiring appellants to provide factual and legal justifications for each assertion in their complaint, and propounding interrogatories testing the merits of appellants' claims, the magistrate judge risked appearing to become an advocate for appellees' qualified immunity defense. Because a plaintiff's right to discovery in qualified immunity cases is ordinarily severely circumscribed, we would discourage innovative discovery procedures of the type employed here, especially those not supported by the Federal Rules. *See Crawford–El v. Britton,* 523 U.S. 574, 598–99, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998) (explaining that discovery on qualified immunity may be regulated using Fed.R.Civ.P. 7(a), 12(e), and 26).

While we disapprove of the procedure leading to the adjudications of a dismissal, we nevertheless affirm the judgment.

At oral argument, appellants' counsel stated that plaintiffs-appellants' case rested on the record made and presented to the district court and made a part of the record on appeal. We have reviewed that record, and we conclude that plaintiffs' remaining claims were without merit. No useful purpose exists for a remand on the merits.

■ We next turn to the sanctions. Clearly, the magistrate judge has the authority to impose sanctions under 28 U.S.C. § 1927 and the powers afforded a magistrate judge. *See* 28 U.S.C. § 636(c)(1), reading in part:

Upon the consent of the parties, a full-time United States magistrate or a part-time United States magistrate who serves as a full-time judicial officer may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves. . . .

■ In this case, however, the award of sanctions is intertwined with the improper procedures foisted upon the plaintiffs and responses required by them. The multiplication of proceedings in this case may have rested in part on the unauthorized procedures crafted by the magistrate judge. Thus, we vacate the award of sanctions.

## III. CONCLUSION

Accordingly, we AFFIRM the judgment of dismissal of plaintiffs' action (Case No. 99–16238) but VACATE the award of sanctions (Case No. 00–15341). The magistrate judge, on remand, shall enter an

appropriate judgment vacating the sanctions.[3]

No costs are awarded on these appeals.

---

**3.** We recognize the magistrate judge in this case as able and dedicated. By remanding, we intend no criticism of his efforts to determine whether or not the plaintiffs' claims possessed any merit. We suggest, however, that the same results would have been achieved in this case with less time consumed by all parties by following usual procedures under Fed.R.Civ.P. 56 to summarily resolve a case of this kind.

